UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DONA PRATESI

         Plaintiff,

  -against-

NEW YORK STATE UNIFIED COURT
SYSTEM, KEN ROLL, and JUDGE
ANTHONY MARANO (in their
official and individual capacities)

         Defendants.
------------------------------------------------------X

**MEMORANDUM & ORDER**

Civil Action No. 08-4828
(DRH) (MLO)

**Appearances:**

**Leeds, Morelli & Brown, PC**
Attorneys for Plaintiff
One Old Country Road, Suite 347
Carle Place, New York 11514
By:    Thomas Ricotta, Esq.

**Michael Colodner, Office of Court Administration**
Attorney for Defendant New York State Unified Court System
25 Beaver Street - 11th Fl.
New York, New York 10004
By:    John Eiseman, Esq.

**Andrew M. Cuomo, Attorney General of the State of New York**
Attorney for Defendants Kenneth Roll and Judge Marano
300 Motor Parkway, Suite 205
Hauppauge, New York 11788
By:    Anne C. Leahey, Esq., Assist. Attorney General

**HURLEY, Senior District Judge:**

    Plaintiff Dona Pratesi ("Plaintiff") commenced this action against Defendants New York

State Unified Court System ("NYSUCS"), Ken Roll ("Roll"), and Judge Anthony Marano

("Marano")[1] alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); 42 U.S.C. § 1983; and N. Y. Exec. Law § 290 et seq. ("Human Rights Law"). By Memorandum and Order dated February 9, 2010 (the "Order"), the Court, inter alia, (1) granted Individual Defendants' motion to dismiss the § 1983 hostile work environment and disparate treatment claims; (2) granted Individual Defendants' motion to dismiss the Human Rights Law disparate treatment claims based on discrete acts occurring before May 15, 2005; and denied Individual Defendants' motion to dismiss the Human Rights Law hostile work environment claim. Presently before the Court is Individual Defendants' motion for reconsideration of the denial of the motion to dismiss the Human Rights law hostile work environment. For the reasons set forth below, the motion for reconsideration is granted and upon reconsideration the Court adheres to its earlier determination.

**Background**

Familiarity with the background and the Court's Order is presumed and will be referenced only as necessary to explain the Court's adherence to its earlier decision. In that Order the Court denied the motion to dismiss the hostile work environment claim asserted against Individual Defendants pursuant to the New York Human Rights Law, stating:

> Plaintiff alleges eleven failures to promote, in addition to the six comments/incidents spread out over approximately twenty years. While the allegations in support of the hostile work environment claims are by no means overwhelming, they are sufficient to withstand a motion to dismiss. *Cf. Anderson v. Nassau County Dept. of Corr.*, 558 F. Supp. 2d 283, 295-96 (E.D.N.Y. 2008) (denying summary judgment on hostile work environment claim based on evidence of ten statements, combined with disparate

---

[1] Roll and Marano shall be collectively referred to as "Individual Defendants."

> treatment, failure to promote, and improper discipline, all of which
> occurred over a period of approximately four years).

Order at 22.

## Discussion

The decision to grant or deny a motion for reconsideration lies squarely within the discretion of the district court. *See Devlin v. Transp. Comm'ns Union,* 175 F.3d 121, 132 (2d Cir. 1999). The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure* § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.*, 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party

3

may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co.*, 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

Here, Individual Defendants are not asking the Court to examine any new legal issues or arguments. Rather, they are requesting that the Court reconsider its decision because Individual Defendants proffer that under relevant law allegations of failure to promote cannot be used to show a pattern of discrimination for purposes of hostile work environment. Accordingly, the motion is procedurally sound and is granted.

Citing *Nat'l Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002), Individual Defendants argue "that each discrete act such 'as termination, failure to promote, denial of transfer, refusal to hire' which 'is easy to identify' is a 'separable actionable unlawful employment practice[,]'" and as such cannot be considered "in assessing the sufficiency of the hostile work environment claims." (Defs.' Reconsideration Mem. at 3-4 (quoting *Morgan*, 536 U.S. at 115).)

In *Morgan*, the Supreme Court held that Title VII "precludes recovery for discrete acts of discrimination or retaliation that occur outside the statutory period" although "consideration of the entire scope of a hostile work environment claim, including behavior alleged outside the statutory time period, is permissible for the purposes of assessing liability, so long as an act contributing to that hostile environment takes place within the statutory time period. 536 U.S. at 105. The *Morgan* Court, however, did not address whether discrete acts of discrimination may constitute further evidence of a hostile work environment. That issue was addressed, however,

4

by the Second Circuit in *Petrosino v. Bell Atlantic*, 385 F.3d 210, 229 (2d Cir. 2004).

In *Petrosino*, the Court held that although the Plaintiff had failed as a matter of law to state a claim for discriminatory failure to promote, that ruling "does not preclude her from offering proof (if otherwise admissible) of her unsuccessful efforts to secure managerial positions throughout her employment at Bell Atlantic in support of her hostile work environment claim." *Id.* Under *Petrosino* that a failure to promote claim does not succeed on its own does not preclude its consideration as part of the continuum of acts supporting a hostile work environment claim. Accordingly, the Court adheres to its earlier decision. Of course whether the acts alleged by Plaintiff are sufficiently related is a factual inquiry and beyond the parameters of a motion to dismiss.

**Conclusion**

For the reasons set forth above, Individual Defendants' motion for reconsideration of that portion of the Court's Order which denied their motion to dismiss the Human Rights Law hostile work environment claim is granted, and upon reconsideration the Court adheres to its earlier determination.

**SO ORDERED.**

Dated: Central Islip, New York
      September 20, 2010

/s/_____
Denis R. Hurley
Senior District Judge